UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IGOR DAILEY | ) | |
| | ) | **Case No. 1:07-CV-13** |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **JUDGE ANN ALDRICH** |
| | ) | |
| ROB JEFFRIES, Warden, | ) | **Magistrate Judge** |
| | ) | **Nancy Vecchiarelli** |
| Respondent. | ) | |
| | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| | ) | |

This is a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.  Petitioner Igor Dailey

("Dailey") pled guilty to two counts of robbery in violation of Ohio Revised Code § 2911.02.

Dailey filed the instant petition in federal court for habeas corpus relief pursuant to 28 U.S.C.

§ 2254 (Doc. No. 1).  The petition was referred to Magistrate Judge Vecchiarelli for a report and

recommendation ("R&R"), who recommended on January 22, 2008 that Dailey's petition be denied.

(Doc. No. 14.)  Dailey filed a one-paragraph handwritten objection on February 6, 2008.  (Doc. No. 16.)

For the reasons set forth below, the court denies Dailey's petition.


I.      **Standard of Review**

Federal Rule of Civil Procedure 72(b) requires this Court to review *de novo* any portion of the

magistrate judge's disposition to which specific objections have been made.  Similarly, Local Rule

72.3(b) requires that objections "specifically identify the portions of the proposed findings,

recommendations, or reports to which objection is made and the basis for such objections."  A district

judge "shall make *de novo* determination of those portions of the report or specified proposed findings

or recommendations to which objection is made and may accept, reject, or modify, in whole or in part,

the findings or recommendations made by the Magistrate Judge." *Id.* However, "a general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Curie*, 50 F.3d 373, 380 (6th Cir. 1995).

## II.    Discussion

Dailey appears to be arguing that his petition should be granted because warden Rob Jeffries ("Jeffries") failed to file his return of writ in a timely manner. However, Dailey's argument is not supported by the record. Pursuant to Rule 4 of the Rules Governing § 2254 Proceedings, Magistrate Judge Vecchiarelli examined Dailey's petition and found that from the face of the petition, she could not determine that Dailey was not entitled to relief. Accordingly, she ordered Jeffries to file a return of writ within 60 days, which he did. Although it appears that Dailey was not served with the return of writ until two weeks later, that delay is not grounds for granting relief in his favor, especially in light of the fact that Dailey sent notice to the court indicating that he did not intend to file a traverse (Doc. No. 9).

Notwithstanding the above, Dailey's one-paragraph objection fails to make any specific objection to the R&R. Magistrate Judge Vecchiarelli determined that Dailey had "never fairly presented [his claims] to the state courts in a manner that would have reasonably allowed the state courts to address the merits of [his] claims." (Doc. No. 14.) Accordingly, she determined that Dailey's claims had not been exhausted and should therefore be dismissed. Dailey does not object to the finding of exhaustion, nor has he specifically identified any portion of the R&R to which he objects. Further, his mention of delay does not bear upon the reasoning relied on by the magistrate judge in recommending that his petition be dismissed. Therefore, Dailey has failed to raise any objections clear enough to enable this court to discern any dispositive and contentious issues.

**III.     Conclusion**

For the reasons set forth above, Dailey has failed to make proper objections, waiving further review of the R&R.  Accordingly, the court adopts the well-reasoned and thorough R&R in its entirety, and for the reasons stated therein, denies Dailey's petition for habeas corpus relief.

Because the warden has not filed an objection and Dailey has failed to file any proper objection, the parties have waived their rights to appellate review.  *Miller*, 50 F.3d at 380.  Therefore, this order is final, but not appealable.

IT IS SO ORDERED.

                                     */s/  Ann Aldrich*

                                     ANN ALDRICH
                                     UNITED STATES DISTRICT JUDGE

**Dated: May 15, 2008**